# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GREEN,<br><br>          Petitioner,<br><br>   vs.<br><br>LARRY SMALL, Warden, et al.,<br><br>          Respondents. | CASE NO. 08CV1803 JLS (BLM)<br><br>**ORDER: (1) OVERRULING PETITIONER'S OBJECTIONS; (2) ADOPTING REPORT AND RECOMMENDATION; (3) DENYING PETITION FOR WRIT OF HABEAS CORPUS; (4) DENYING REQUEST FOR EVIDENTIARY HEARING**<br><br>(Doc. Nos. 1 & 21.) |

On September 17, 2008, Petitioner Donald Green, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus. (Doc. No. 1.) On August 14, 2009, Magistrate Judge Barbara L. Major submitted a Report and Recommendation (R&R) to this Court, recommending that it deny Petitioner's petition for writ of habeas corpus. (Doc. No. 21.) After this Court granted an extension of time, Petitioner timely filed his objections. (Doc. No. 24.) Defendants did not file a reply. For the following reasons, this Court **OVERRULES** Petitioner's objections; **ADOPTS** Magistrate Judge Major's R&R; **DENIES** Petitioner's Petition for Writ of Habeas Corpus; and **DENIES** Petitioner's request for an evidentiary hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

Magistrate Judge Majors' R&R extensively lays out the procedural and factual background in this matter. Plaintiff makes no specific objection to these summaries. Thus, the Court adopts

by reference Magistrate Judge Majors' recitation of the facts as set forth in her R&R.

## LEGAL STANDARD

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth the duties of the district court in connection with a magistrate judge's report and recommendation. "The district court must make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989); *United States v. Raddatz*, 447 U.S. 667, 676 (1980). However, in the absence of timely objection, the Court need "only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## DISCUSSION

Petitioner was convicted of second degree murder and the use of a firearm and was sentenced to a term of twenty years to life in prison with a minimum parole date of December 2, 2007. (Lodgment 2 at 1.) On March 14, 2007, the Board of Parole Hearings ("Board") held Petitioner's Initial Parole Consideration Hearing at Calipatria State Prison. (*Id.*) After the hearing, the Board determined that Petitioner was not suitable for parole, presenting six reasons:

> (1) the offense was carried out in an especially callous and dispassionate manner, (2) the motive for the crime was inexplicable, (3) Petitioner had not accepted full responsibility for his actions, (4) Petitioner had an escalating record of violence, assaultive behavior and unstable social relationships, (5) Petitioner had not demonstrated evidence of participation in self-help programs or evidence of a positive change, and (6) Petitioner had not demonstrated adequate plans for life after prison.

(R&R at 3; *see also* Lodgment 2 at 93-96.) Petitioner was denied parole for five years. (R&R at 3; Lodgment 2 at 102.)

Petitioner filed a petition of writ of habeas corpus in Los Angeles County Superior Court, which was denied by that Court as well as the California Court of Appeal and California Supreme Court. (*See* R&R at 4.) Thereafter, Petitioner filed the instant Petition for Writ of Habeas Corpus. (Doc. No. 1 ("Petition").) In his petition, Petitioner asserts three grounds for relief. First, Plaintiff argues that Defendants failed to comply with California Penal Code Section 3041(a), thus

depriving him of his liberty interest in parole. (Petition[1] at 8-12.) Second, Petitioner claims that the Board violated his right to due process by failing to comply with California Code of Regulations, Title 15, Section 2403(a). (Petition at 12-15.) Third, Petitioner alleges that he was deprived of his Sixth Amendment right to effective assistance of counsel at his parole hearing. (Petition at 15-17.)

## I.     Due Process Violation - Deprivation of Liberty Interest in Parole

The Due Process Clause prohibits the government from depriving an inmate of a liberty interest without adequate procedural safeguards. Petitioner claims that he "was entitled to have an actual parole release date set at his 'Initial Parole Consideration Hearing'" after conducting a "proportionality analysis." (Petition at 10-11.) By the Board not doing so, Petitioner contends that it deprived him of his liberty interest in parole in violation of his due process rights.

Petitioner cites to California Penal Code Section 3041, which provides in pertinent part:

> (b) The panel or the board . . . shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting. . . .

Cal. Penal Code § 3041(a)&(b).

In her R&R, Magistrate Judge Major agreed with Petitioner that the mandatory language of California Penal Code Section 3041 creates a liberty interest in parole under Ninth Circuit precedent. (R&R at 7-8 (citing *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1125 (9th Cir. 2006)).) Then, Magistrate Judge Major went on to analyze whether this liberty interest was deprived without adequate procedural safeguards. *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *Sass*, 461 F.3d at 1127. At this juncture, the magistrate judge found that Petitioner did receive adequate procedural protections at his parole hearing, because he was afforded an opportunity to be heard and was informed in what respects he fell short of qualifying, which the United States Supreme Court has found "affords the process that is due under these circumstances." *Greenholtz v. Inmates of Nebraska Penal*, 442 U.S. 1, 16 (1979). (R&R at 9-10.)

---

[1] All citations to the "Petition" are cited to the "Memorandum of Points and Authorities" page numbers.

1	Finally, Magistrate Judge Major recognized that the Due Process Clause "also requires that
2	a decision to deny parole satisfy the United States Supreme Court's 'some evidence' standard."
3	(R&R at 10 (citing *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454-57
4	(1985); *Sass*, 461 F.3d at 1128-28).)  After properly and thoroughly analyzing the last reasoned
5	state court decision in this case, *see Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991), the
6	magistrate judgment found sufficient evidence to support the Board's finding that Petitioner was
7	unsuitable for parole.  (*See* R&R at 10-15.)  In particular, Magistrate Judge Major agreed with the
8	Superior Court's consideration of the factors laid out in the regulations guiding the Board's
9	decision finding unsuitability for parole,[2] especially that the "record contains considerable
10	evidence supporting the Board's finding that Petitioner poses as unreasonable risk of danger to
11	society."  (R&R at 13.)  "Although the Ninth Circuit cautioned against undue reliance on an
12	unchanging factor, such as the commitment offense, the Board relied heavily on post-commitment
13	evidence in this case, including Petitioner's nineteen disciplinary citations."  (*Id.*)  Magistrate
14	Judge Major also rejected Petitioner's argument that the Board misapplied the "some evidence"
15	standard.  (R&R at 14.)  Ultimately, therefore, the magistrate judge found that, although Petitioner
16	has a liberty interest in parole, adequate safeguards were in place and there was sufficient evidence
17	to support the Board's finding that Petitioner posed an unreasonable risk to society if released,
18	thus recommending that this Court deny this claim for habeas relief.  (*See id.* at 15.)

19	Petitioner objects to several of Magistrate Judge Majors' findings.  (Doc. No. 24 ("Obj.").)
20	Petitioner first objects to Respondents' argument that Petitioner, as a California prisoner, has no
21	liberty interest in parole.  This objection is irrelevant, as the magistrate judge clearly disagreed
22	with Respondents and found that Petitioner does indeed have such a liberty interest.  Petitioner's
23	second objection is also without merit.  Petitioner contends that he did not receive adequate
24	procedural protections because he "was entitled to have an actual parole release date set at his
25	'Initial Parole Consideration Hearing'" according to a proportionality analysis, which was not
26	done.  (Obj. at 3-4.)  Petitioner contends that the statutory language in California Penal Code
27	sections 3041 and 3042 require the Board to "set a parole release date . . . before a determination
28

---

[2] *See* Cal. Code Regs. tit. 15 § 2402(b), (d).

of unsuitability, not after." (Obj. at 4.) Petitioner also contends that the Board's and Magistrate Judge Majors' findings supporting the Board's denial of parole are incorrect or inaccurate, and that his counsel failed to object at the hearing to these findings. (Obj. at 4-5.) Further, Petitioner argues that the Board's denial was not supported by sufficient evidence. (Obj. at 4-8.) The Court **OVERRULES** Petitioner's objection based on this due process violation claim.

First, Petitioner was not entitled to an actual parole release date prior to the Board's finding of unsuitability. The California Penal Code clearly states that Petitioner "shall be given a release date *unless* it determines . . . that consideration of the public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting. . ." Cal. Penal Code § 3401(b). The plain language of the statute, therefore, provides that a determination regarding Petitioner's suitability for parole and the consideration of the public safety occurs *prior* to setting a release date.[3] In this case, the Board found that Petitioner was unsuitable and that "consideration of the public safety require[d] a more lengthy period of incarceration" and therefore did not need to fix a release date at this hearing.

Second, Petitioner argues that he was not afforded procedural safeguards because, though he was represented by counsel at the hearing, his counsel "failed to object to the board relying upon factors in denying petitioner parole." (Obj. at 4.) First, as discussed *infra*, the Court agrees with the magistrate judge and finds that Petitioner has not established ineffective assistance of counsel. However, even if true, counsel's failure to object to the Board's reliance on factors Petitioner believes are incorrect does not amount to a violation of due process. Petitioner must be "afford[ed] an opportunity to be heard" and given the reasons why parole was denied. *Greenholtz*, 442 U.S. at 16. "The Constitution does not require more." *Id.* Here, Petitioner was given the opportunity to present argument and submit evidence on his behalf. (*See* Lodgment 2 at 62-71, 87-92.) He also answered questions relating to the factors the Board considers in the suitability analysis. (*Id.* at 12-92.) After the hearing, Petitioner was informed of the reasons why he was denied parole. (*Id.* at 93-96.) Counsel's alleged failure to object to these finding does not equate

---

[3] The fact that section 3401(a) states that the board "shall normally set a parole date" does not change this analysis. Cal. Penal Code § 3401(b).

1 to a deprivation of the procedural safeguards set forth by the United States Supreme Court.

2 Lastly, the Court finds that the magistrate judge correctly applied the "some evidence" standard to the Board's determination and properly found that this standard is satisfied. As Petitioner did in his petition, he again argues that the relevant inquiry is whether there is "some evidence" that the Board constitutes a "current threat to safety" and not whether there is "some evidence" supporting the Board's denial in general. (Obj. at 5; Petition at 26 (citing *Hayward v. Marshall*, 512 F.3d 536, 543 (9th Cir. 2008).) The magistrate judge and the Court agree that this is the correct standard, and the transcript of the proceedings make clear that this was the standard which the Board applied. (*See* Lodgment 2 at 93 (concluding that "the prisoner is not suitable for parole and would pose an unreasonable risk of danger to society or a threat to public safety if released from prison").) Thus, this objection is moot.

12 Moreover, the factors upon which the Board relied support this "threat to public safety" finding. Although Petitioner contends that the factors which the Board should consider under California Code of Regulations § 2402(d) have been met, specifically that he "has 6 out of 9 factors tending to show suitability," the evidence does not support this. (Obj. at 6-7.) The fact that there is some positive aspects of Petitioner's behavior, such as Petitioner's vocational training, work record, and that Petitioner has engaged in some rehabilitative programs does not prevent the board or the Court from finding that "some evidence" supports a finding that Petitioner may be a threat to society. In fact, the Board considered these factors and found that the "positive aspects of [Petitioner's] behavior do not outweigh the factors for unsuitability." (Lodgment 2 at 97.) Specifically, the Board relied on Petitioner's nineteen disciplinary citations, "many of which [were] for serious misconduct such as mutual combat and battery." (R&R at 11; Lodgment 3 at 1-2.) In fact, Petitioner was recently involved in an altercation with an inmate and attempted battery on a peace officer. (R&R at 11; Lodgment 3 at 1-2.) Moreover, a psychologist diagnosed Petitioner with antisocial personality disorder. (*Id.*) Thus, the Board properly found Petitioner poses an unreasonable risk of danger to society at that time, and recommended that Petitioner continue to demonstrate positive change by remaining disciplinary free and fully participating in self-help programs. (R&R at 3 (citing Lodgment 2 at 99-100).) The Court finds, therefore, that

1  Petitioner's argument that the Board misapplied the "some evidence" standard is without merit.
2  For those reasons, Petitioner's objection is **OVERRULED** and the Court **ADOPTS** Magistrate
3  Judge Major's recommendation..

4  **II.     Due Process Violation – California Code of Regulation, title 15, Section 2403**

5  Petitioner's second claim is for a due process violation arising from the Board's alleged
6  failure to establish a uniform term of imprisonment as set forth in California Code of Regulations,
7  title 15, section 2403.  (Petition at 12-15.)  Petitioner contends that this regulation requires his
8  release date to be set pursuant to the regulations' matrix of base terms.  (*Id.*)  Magistrate Judge
9  Major first recognized that the claim, although couched as a due process violation, is really a
10 review of the Board's application of California law.  (R&R at 13.)  Magistrate Judge Major then
11 went on to find that it did not have jurisdiction to review the Board's application of California law
12 because "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction
13 violated the Constitution, laws, or treatises of the United States."  (R&R at 15 (quoting *Estelle v.*
14 *McGuire*, 502 U.S. 62, 67-68 (1991).)  This Court agrees.

15 The Court further agrees that, even if the Court did have authority to grant Petitioner
16 federal habeas relief, the claim would fail on its merit.  California Code of Regulations, Title 15,
17 Section 2403(a) clearly articulates that the base term is only set for a lifetime prisoner who is
18 found to be suitable for parole.  *See* Cal. Code. Regs. tit. 15 § 2403(a); *see also* Cal. Penal Code §
19 3041(b); *In re Dannenberg*, 34 Cal. 4th 1061, 1098-99 (Cal. 2005).  Because the Board found that
20 Petitioner was not suitable for parole, a base term did not need to be set.

21 Petitioner's objection is the same as his original claim, which has already been rejected by
22 the magistrate judge and now by this Court.  Thus, Petitioner's objection is **OVERRULED** and
23 Magistrate Judge Major's recommendation is **ADOPTED.**

24 **III.    Ineffective Assistance of Counsel**

25 Petitioner's third claim for relief is that he was denied his Sixth Amendment right to
26 effective assistance of counsel.  (Petition at 15-17.)  Petitioner argues that counsel's performance
27 at his parole hearing prejudiced his defense.  (*Id.* at 15-16.)  Magistrate Judge Major recommends
28 the Court deny this claim because "the United States Supreme Court has not 'clearly established'

1 that the Sixth Amendment right to counsel applies to parole hearings, or that due process requires
2 inmates to be represented by counsel at such hearings." (R&R at 16 (citing *Pennsulvania v.*
3 *Finley*, 481 U.S. 551, 555 (1987); *Greenholtz*, 442 U.S. at 16; *Dorado v. Kerr*, 454 F.2d 892, 896
4 (9th Cir. 1972)).) Further, California law requiring appointment of counsel at initial parole
5 hearings does not entitle Petitioner to habeas relief. (R&R at 17 (citing *Bonin v. Calderon*, 59
6 F.3d 815, 842 (9th Cir. 1995)).)

7 Petitioner's objection does not address this finding. Instead, Petitioner focuses on his
8 counsel's performance at the hearing. He argues that "[c]ounsel should have made a presentation
9 at the opening of the hearing based on the factors tending to demonstrate this inmate's suitability
10 as opposed to unsuitability contained in the regulations." (Obj. at 9.) This objection is without
11 merit.

12 First, the Court agrees that Petitioner's ineffective assistance of counsel claim cannot
13 provide the basis for habeas relief. Further, even if the Court were to proceed on the claim, it
14 would fail on its merits. To succeed on this claim, Petitioner must establish that counsel's
15 performance was deficient and that this performance prejudiced his defense. *Strickland v.*
16 *Washington*, 466 U.S. 668, 687-89 (1984). Counsel's performance must fall within an "objective
17 standard of reasonableness." *Id.* The magistrate judge found that counsel's performance was not
18 deficient and that, even if it were, the factors demonstrating Petitioner's unsuitability for parole
19 make it unlikely that counsel's performance prejudiced Petitioner. (R&R at 18-19.) This Court
20 agrees.

21 Petitioner's objection focuses on counsel's lack of an opening statement. However,
22 Magistrate Judge Major addressed this argument in her R&R:

23 > While the failure to make an opening or closing statement may fall below an objective
24 > standard of reasonableness in other situations, counsel's performance here was entirely
25 > reasonable. At the outset of the hearing, the Presiding Commissioner and Petitioner's
26 > attorney discussed whether an opening statment was necessary. . . The record reflect that
27 > opening statement are not customary and that Petitioner's attorney did not think there were
28 > any unusual facts or circumstances in this case that would warrant an opening statement.

(R&R at 18-19 (citing Lodgment 2 at 11-12.) This Court agrees with this reasoning and therefore
Petitioner's objection is **OVERRULED**. The Court **ADOPTS** Magistrate Judge Major's
recommendation.

**CONCLUSION**

For the reasons stated above, the Court **OVERRULES** Petitioner's objections, **ADOPTS** Magistrate Judge Major's R&R in its entirety, **DENIES** Petitioner's petition for writ of habeas corpus, and **DENIES** Petitioner's request for an evidentiary hearing.

IT IS SO ORDERED.

DATED: March 11, 2010

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge